NOT RECOMMENDED FOR PUBLICATION

File Name: 23a0104n.06

Case No. 22-5530

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| LOUELLA PAINTER, ) | |
| ) | |
| Plaintiff - Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE |
| ) | UNITED STATES DISTRICT |
| ) | COURT FOR THE EASTERN |
| JOHN ALDEN LIFE INSURANCE COMPANY, ) | DISTRICT OF KENTUCKY |
| ) | |
| Defendant - Appellee. ) | |
| ) | OPINION |
| ) | |

FILED
Feb 23, 2023
DEBORAH S. HUNT, Clerk

---

Before: SILER, BATCHELDER, and KETHLEDGE, Circuit Judges.

BATCHELDER, J., delivered the opinion of the court in which KETHLEDGE, J., joined. SILER, J. (pg. 6), delivered a separate opinion concurring in the judgment.

**ALICE M. BATCHELDER, Circuit Judge.** In this appeal from an action for long-term-care (LTC) insurance benefits, Louella Painter claims the district court erred in granting judgment for defendant John Alden Life Insurance Co. ("Insurer") by holding that the facility where she resides does not qualify as a "Long Term Care Facility" under the Policy. We affirm.

**I.**

As relevant here, Painter's LTC Policy pays $100 per day for care at a facility that provides professional nursing care and related services on an inpatient basis, is licensed under state law to perform those services, and ensures 24-hour per day nursing care under the supervision of a Registered Nurse (R.N.). Specifically, the Policy covers "Long Term Nursing Care pursuant to a

plan of care prescribed by a Licensed Health Care Practitioner while [the insured is] confined in a Long Term Care Facility." Policy Part 3.A.2. As defined in the Policy:

'Long Term Care Facility' means a place which:

1. is primarily engaged in providing *professional nursing care* and related services on an inpatient basis and is licensed under state law to perform the services it is providing; and

2. is a separate facility or a distinct part of another health care facility; and

3. is under the supervision of a physician; and

4. provides 24-hour per day *nursing care* under the supervision of an R.N.; and

5. maintains a daily record on each patient.

It is not:

1. a hospital or a Residential Care Facility;[1] or

2. a place that primarily treats the mentally ill, drug addicts, or alcoholics; or

3. a rest home, a boarding home, a home for the aged, a community living center, a place that provides domiciliary, retirement or educational care; or

4. a government or veteran facility or any other facility where the patient is not required to pay.

Policy Part 2.I (Definitions) (emphasis added). The Policy does not define "nursing care" or "professional nursing care." But Painter's Policy has a separate attached Endorsement that says: "The following is added to the definition of 'Long Term Nursing Care' under DEFINITIONS: Skilled, intermediate and custodial nursing care consists of inpatient nursing care provided on an

---

[1] The Policy defines "Residential Care Facility" as:

'Residential Care Facility' means a place which:
1. provides continuous room and board; and
2. provides residents who do not require professional nursing care with basic, personal assistance care which can be performed by persons without professional medical training; and
3. does not provide 24-hour per day nursing care under the supervision of an R.N.

NO BENEFITS ARE PAYABLE FOR CONFINEMENT IN A RESIDENTIAL CARE FACILITY.

Policy Part 2.N (Definitions).

extended and continuous basis or as needed, *as well as* supportive care and personal care services."
Policy Endorsement (emphasis added).

In March 2020, Painter moved into the Seasons of Alexandria ("Seasons"), which offers two residential options under separate licenses: one license for personal-care "beds" and the other for nursing-care "beds." Painter chose personal care. The Seasons Corporate Representative, Dr. Robert Long, explained that personal care "beds" are actually "individual apartment type units," with "small kitchenettes and full private baths." And Seasons provides the personal-care residents with services "related to the activities of daily living . . . such as assistance in toileting, dressing, some assistance with meals, ambulatory assistance, [and] showering." But Seasons does not provide personal-care residents with physical or occupational therapy, a physician's supervision or care, or any professional nursing care. In fact, Dr. Long testified that, "from a licensing perspective, a personal care home *is not permitted to provide* professional nursing care."

| | |
|---|---|
| Question: | The personal care home is not licensed to provide any medical treatment, are they Dr. Long? |
| Dr. Long: | No. Other than medication areas. So, for instance, we will administer their medications or assist them in their medications. |
| | . . . |
| Question: | Well, you're not allowed to provide any professional nursing care to any resident of the personal care home, correct? |
| Dr. Long: | That is correct. |

Painter resides in Seasons' personal care and her residency agreement is for personal care, not nursing care, which has different requirements and higher costs. Concluding that the personal-care side where she resides does not qualify as a Long Term Care Facility under the Policy, the Insurer denied her claim for LTC benefits. Painter sued and the Insurer moved for summary judgment, explaining that Painter does not qualify under the Policy because Seasons' personal care

3

does not provide *any* professional nursing care much less 24-hour-per-day nursing care under an R.N.'s supervision. Painter replied that the Policy Endorsement defines "nursing care" to mean personal care services, even without any nursing care.

Using this counterintuitive—indeed implausible—definition of "nursing care" as meaning "*non-nursing* personal care services," Painter argued that, even though Seasons' personal-care license does not permit it to provide any nursing services in the personal-care side of the facility, Seasons nonetheless "provides 24-hour per day *nursing* care under the supervision of an R.N." in that side because (1) it provides "personal care services," as listed in the Endorsement, 24 hours per day and (2) the current supervisor of the personal-care side is an R.N. The district court agreed that the Policy defined "nursing care" to mean non-nursing-care personal services, but disagreed with Painter's contention that the Policy's definition of LTC Facility required only that the personal-care side's named supervisor be an R.N., not that an R.N. be present and actually supervising the personal-care side 24 hours per day. The court instead read the Policy to require that an R.N. be present and supervising the personal-care side 24 hours per day, which was admittedly not the situation. The court held that Seasons did not meet the Policy's definition of LTC Facility and concluded that Painter was not entitled to benefits. Painter appealed.

**II.**

When the district court grants summary judgment, our review is de novo. *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 954 F.3d 852, 859 (6th Cir. 2020). Under Kentucky law, which governs this dispute, the meaning of an insurance policy is a question of law, and our review is de novo. *Foreman v. Auto Club Prop. Cas. Ins. Co.*, 617 S.W.3d 345, 349 (Ky. 2021).

Painter argues that "the Policy does not require that her quarters be in that section of the facility that provides nursing care, only that the facility as a whole provide such care." Apt. Br. at

12. Because she resides in the personal-care side of the facility, where Seasons' license and Kentucky law prohibit Seasons from providing any nursing care, Painter relies on her novel definition of "nursing care" as meaning "personal care that necessarily excludes nursing." She concocts this definition by substituting "or" for the term "as well as" in the Policy Endorsement, so that the Policy defines "Long Term Nursing Care" to mean "inpatient nursing care . . . ~~as well as~~ [or] . . . personal care services." Policy Endorsement (alteration added).

But the term "as well as" does not mean "or"; it means "and," "also," or "in addition to." *See* Merriam-Webster.com/dictionary (providing as example, "brave as well as loyal," and "the coach, as well as the team, is ready"); Dictionary.com (providing as example, "The editors as well as the proofreaders are working overtime."); Thesaurus.com (providing several alternatives). Perhaps the most appropriate alternative construction for "as well as" in this case would be "and may include": i.e., Long Term Nursing Care means inpatient nursing care, and may include personal-care services. In any event, "as well as" does not mean "or," as Painter contends. The Endorsement does not define Long Term Nursing Care to be just personal-care services without any nursing-care services. Rather, the Endorsement ensures that when a facility provides supportive and personal-care services in addition to providing nursing care, it still qualifies as Long Term Nursing Care under the terms of the Policy.

Because the Policy pays benefits to cover nursing care, but Painter did not receive—and could not have received—any nursing care, Painter was not entitled to benefits under the Policy.

**III.**

For the forgoing reasons, we AFFIRM the judgment of the district court.

**SILER, Circuit Judge, concurring.**  I agree with the outcome, but I prefer the conclusion of Judge Bunning in finding that because Seasons did not provide 24-hour per day nursing care under the supervision of a Registered Nurse, the personal care home could not be considered an LTC Facility, even though the separate sections were in the same facility.